

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 30, 1974

The Honorable Charles R. Barden, P.E.          Opinion No. H-222
Executive Director of the Texas Air
    Control Board                                Re:  May the Texas Air
8520 Shoal Creek Boulevard                           Control Board enforce
Austin, Texas 78758                                  federal regulations and
                                                     related questions?

Dear Mr. Barden:

The Environmental Protection Agency of the United States has
indicated that it will issue regulations requiring a permit to construct
or operate an "indirect source" of air pollution. The proposed regula-
tion is found in 38 Fed. Reg. No. 208, October 30, 1973, p. 29895. It
will amend § 52.22 of Title 40 of the Code of Federal Regulations to add
a paragraph (b) which will provide in its subparagraph (11) that:

> "The Governor of the State shall designate the State
> or local agency which will carry out this regulation
> in each area of the State within 30 days from the date
> of final promulgation. . . ."

Throughout the regulation, responsibilities are placed upon the
"Director" who is defined in subsection (1)(iii) as "the director of the
State or local agency designated by the Governor of the State to carry
out this paragraph." Section 52.02(d) of Title 40 of the Code of Federal
Regulations as amended in May, 1972, (37 Fed. Reg. No. 105, May 31,
1972, p. 10846) provides:

> "All approved regulatory provisions of each
> plan are incorporated by reference in this part.
> Regulatory provisions of a plan approved or pro-
> mulgated by the Administrator are enforceable by
> the Administrator and the State, and by local agencies
> in accordance with their assigned responsibilities
> under the plan."

Your questions to us are:

"(1) Can a state agency establish an administrative
system to perform functions required by federal
law, i.e. issuing permits to complex sources, if
such functions are not authorized by state legislation?

"(2) Can a state agency initiate legal proceedings
to enforce compliance with federal regulations?

"(3) Is the Attorney General's office of the State
of Texas obligated to represent the Texas Air
Control Board if it decides to initiate legal proceed-
ings to enforce compliance with federal regulations?

"(4) Can attorneys employed by the Texas Air
Control Board and paid by the State of Texas repre-
sent the Texas Air Control Board if it initiates legal
proceedings to enforce compliance with federal
regulations?"

The Texas Air Control Board is created by the Texas Clean Air Act,
Article 4477-5, V. T. C. S. (Acts 1967, 60th Leg., p. 1941, ch. 727). The
Board is a creature of the Texas Legislature and possesses only such
powers as may be delegated to it by the Legislature, expressly or impliedly.
State v. Jackson, 376 S. W. 2d 341 (Tex. 1964). And see Brown Express,
Inc. v. Railroad Commission, 415 S. W. 2d 394 (Tex. 1967); Cobra Oil &
Gas Corporation v. Sadler, 447 S. W. 2d 887 (Tex. 1968). Thus, to deter-
mine the power of the Board we must look to the State statutes and not the
federal regulations. Subchapter C of Article 4477-5 prescribes the powers
and duties of the Board. By § 3.01 it is to administer the provisions "of
this Act" and to establish the quality of air resources "as provided in this
Act." It "shall seek" the accomplishment of the purposes "of this Act."
Section 3.02 requires the Board to prepare and develop a general, compre-
hensive plan for control of the air resources of the State. Section 3.03
authorizes it to require the submission of information. Section 3.04 would
allow it to conduct research in the discharge of its duties "under this Act."
Section 3.05 authorizes members and employees of the Board to enter public

or private property called for by the Act. By § 3.07 the Board is authorized to institute court actions to compel compliance with the provisions "of this Act or the rules, regulations, orders, variances or other decisions of the board." It may enter into contracts and execute instruments that are necessary or convenient to the exercise of the Board's powers for the performance of its duties. Section 3.08.

The Board is empowered to make rules and regulations "consistent with the general intent and purposes of this Act" but before adopting any rules it is required to hold a public hearing after published notice, and no rule or regulation or amendment or repeal thereof shall become effective until approved by at least five members of the Board. Section 3.09.

Section 3.19(4) provides that the Board shall "advise, consult and cooperate" with agencies of the State, with industries, with other states "and the federal government. . . ." Sections 3.27 and 3.28 authorize the Board to issue permits to persons who plan to construct new facilities or to modify existing facilities which may emit air contaminants and, where a permit to construct is issued, to issue an operating permit.

In our opinion, the authority of the Texas Air Control Board is limited to those acts which it is empowered to perform by the foregoing sections. Even though § 3.19 does require the Board to "advise, consult and cooperate" with the federal government, nowhere do we find any authority for the Board to administer the federal law or to perform functions required by the federal law. Since your first question specifically asks whether you may perform functions which "are not authorized by state legislation," our answer must be in the negative, i.e. that you may not perform functions required by federal law unless and until authorized by state law to perform them.

Your second question asks whether a state agency may initiate legal proceedings to enforce compliance with federal regulations. Limiting our answer to your agency and to these federal regulations, our answer must be that it may not. There may be other agencies and other circumstances under which a state agency may bring legal proceedings to enforce compliance with federal regulations but we do not find any authority in your agency to do so. This is not to say that if the federal regulation is one which your agency

itself would be authorized to issue, it may not issue an identical regulation and enforce it as its own.

Our answer to the first two questions answers the third and fourth.

## SUMMARY

The Texas Air Control Board, being a creature of the Legislature, is limited in its authority granted it by statute.  It has no authority, absent legislative authority, to enforce or to administer a proposed regulation of the Environmental Protection Agency which is not within its statutory jurisdiction and which it has not adopted as its own regulation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee